## HO SUN *vs.* E. G. HITCHCOCK, Marshal.

### APPEAL FROM DISTRICT COURT OF HONOLULU.

HEARING, DECEMBER 19, 1894.    DECISION, MARCH 28, 1895.

JUDD, C.J., BICKERTON, J., AND WHITING, CIRCUIT JUDGE, WHO SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

A mortgagee of a rice plantation took possession of the premises for breach of condition, put the husband of the mortgagor in charge of the premises, hired and paid for the labor in harvesting the crop of rice, had it put in bags marked with his agent's initials. Thereafter, and before the rice was removed from the premises, it was levied upon under an attachment by a judgment creditor of mortgagor. Held, the replevy of the rice by mortgagee (plaintiff) from the custody of the Marshal was good.

The mortgage contained an agreement to sell to mortgagee future crops not growing on the premises at the time the mortgage was executed. It was contended that a sale and delivery of the crop levied upon had not been made as required by the agreement. Held, that as the crop was still standing on the premises when the mortgagee took possession it was covered by the mortgage.

OPINION OF THE COURT, BY CIRCUIT JUDGE WHITING.

The plaintiff brought his action in the District Court of Honolulu, to replevy of defendant 166 bags of paddy seized by the Marshal under levy of an execution in the action of *Kam Loi vs. Chong Kim Tai* and her husband, and recovered judgment from which defendant appealed to the Supreme Court upon the grounds that the judgment is contrary to law

on the points of delivery—on the contract of sale—on the question of possession of plaintiff; of the rights of creditors on such a contract and generally on the law of the case.

The evidence shows that in May or June, 1894, under a duly recorded chattel mortgage executed by one Chong Kim Tai, a married woman, (such execution being approved and joined in by her husband) the plaintiff Ho Sun, mortgagee, took possession of a certain rice plantation at Waikiki, Oahu, upon which at the time of entering into possession of the premises was a crop of rice or paddy not harvested. The mortgage was overdue and the mortgagor was in default. The possession was given amicably by the mortgagor and Ho Sun placed the mortgagor's husband in possession as his agent and paid him wages for his services and also hired laborers and paid them, and while in possession with such laborers harvested the crop, thrashed and bagged it in bags of plaintiff, 154, being marked S. C., the mark of plaintiff's factors Sing Chong & Co., and 12 bags without mark. Before this paddy was removed from the premises, the marshal made his execution levy in the action of Kam Loi against Chong Kim Tai, et al.

In the action of Kam Loi against Chong Kim Tai and husband, June 15th, 1894, an attachment was issued and dissolved before judgment, which was rendered on June 25th, 1894, and execution was levied on July 2nd, 1894, on the paddy in question. Prior to this levy, notice was given on June 27th, of the possession taken by Ho Sun by letter, viz:

"HONOLULU, H. I., June 27th, 1894.

"E. G. HITCHCOCK,

"*Marshal of the Hawaiian Islands.*

"SIR :—In re the mortgage from Chong Kim Tai to Ho Sun, of plantation premises at Waikiki.

"I respectfully inform you that Ho Sun has taken possession of the property conveyed by said mortgage, including the plantation, leases, crop, implements, live stock and other chattels heretofore in possession of Chong Kim Tai; and

that said Ho Sun proposes to devote said property to the payment of said mortgage, as therein provided. You are therefore respectfully requested to refrain from any and all acts, (whether acting under executions against the property of said Chong Kim Tai, or otherwise) in any manner conflicting with the rights of possession and of property under said mortgage, now existing in Ho Sun.

"Yours faithfully,

"(Signed)          C. W. Ashford,
"Attorney for Ho Sun."

The evidence clearly shows an open actual and notorious taking possession of mortgaged property by the mortgagee under his mortgage prior to severing the crop from the soil and a *bona fide* delivery by the mortgagor to the mortgagee of such property and actual possession by the mortgagee to satisfy the lien he held. This lien cannot be set aside by the execution creditor of the mortgagor by the mere levy of the execution. The execution creditor could obtain no more rights than his debtor possessed unless the transaction was fraudulent or void. This is not shown to be so. The debtor's (mortgagor's) rights of possession had ceased, and the property could not be taken under the execution unless the lien of Ho Sun was first satisfied.

The contention is made by defendant that by reason of the clause in the mortgage "I hereby sell all paddy from my said .rice plantation to Ho Sun, said Ho Sun paying me the ruling market rate at the time of delivery until my said note is fully paid," the growing crop did not pass to the mortgagee. That this was an executory contract of sale of the crops contained in the mortgage, and that future crops were not subject to the mortgage and that only when the crop was severed and delivered by mortgagor could any rights or lien attach on behalf of the mortgagee. This position is not tenable inasmuch as the mortgage covered the land upon which the crop was growing at the time possession was taken by the mort-

gagee. And the crop then upon the land not severed passed with the land to mortgagee under his foreclosure.

Judgment for plaintiff affirmed.

*C. Brown,* for plaintiff.

*W. R. Castle,* for defendant.